IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| VS. | § | CIVIL ACTION NO.  9:00-CR-48(1) |
| TOMMY WAYNE LEE | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Defendant Tommy Wayne Lee, proceeding *pro se*, filed a "Motion to Eliminate Enhancements and Reduce Sentence."  The motion was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for consideration and hearing, if deemed necessary, and a recommended disposition.

Procedural History

On September 7, 2000, a federal grand jury for the Eastern District of Texas returned an indictment charging Tommy Wayne Lee and a co-defendant with drug-related offenses.  Following a jury trial, the defendant was found guilty as to each count of the indictment.  The defendant was sentenced to a total of 235 months of imprisonment.  The judgment was affirmed on appeal.  *United States v. Lee*, 34 Fed. Appx. 963 (5th Cir.), *cert. denied*, 537 U.S. 897 (2002).

The defendant previously filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.  The motion was denied on July 29, 2004.  The defendant's appeal is currently pending before the United States Court of Appeals for the Fifth Circuit.

The defendant filed this motion requesting relief under *United States v. Booker*, 543 U.S. 220, 244 (2005).

Discussion

In *United States v. Booker*, the Supreme Court concluded that the mandatory nature of the United States Sentencing Guidelines made them incompatible with the Sixth Amendment's guarantee to the right to a jury trial where "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict [was not] admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. Citing *Booker*, the defendant requests that he be re-sentenced to eliminate the sentencing enhancements imposed in accordance with the United States Sentencing Guidelines.

Except in limited circumstances, not applicable in this case, the district court lacks authority to reduce a sentence after it has been imposed. *See* 18 U.S.C. § 3582. Title 28 U.S.C. § 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Ordinarily, a motion such as this would be construed as a motion to vacate, set aside or correct sentence. In this case, if the motion were construed as a Section 2255 motion, it would be subject to dismissal as a second or successive motion. In addition, the Fifth Circuit recently held that *Booker* does not apply retroactively to cases on collateral review. *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005). Therefore, the rule announced in *Booker* does not provide the defendant with a basis for relief.

Recommendation

The defendant's motion to eliminate enhancements and reduce sentence should be denied.

<u>Objections</u>

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED** this \_\_\_21\_\_\_ day of _____April_____ , 2006.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE